**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 105
Rutherford, NJ 07070
(201) 507-6300



Attorney for Plaintiff Hain Capital Holdings Ltd.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

HAIN CAPITAL HOLDINGS LTD.

    Plaintiff,         Civil Action No. 08 CV 3156

- against -

FIBERLIGHT, LLC and KEVIN B. COYNE,        **COMPLAINT**

    Defendants.

------------------------------------X

JUDGE JONES

Plaintiff Hain Capital Holdings Ltd. by its attorney, Lawrence C. Hersh, Esq., by way of Complaint against FiberLight, LLC and Kevin B. Coyne (collectively "Defendants") hereby says:

### THE PARTIES

1. Plaintiff Hain Capital Holdings, Ltd. ("Hain") is and was at all relevant times a company formed under the laws of the Cayman Islands having its principal place of business located at 301 Route 17 North, Rutherford, New Jersey 07070.

2. Upon information and belief, Defendant FiberLight, LLC ("FiberLight"),

is a Delaware limited liability company having its principal place of business located at 3655 Brookside Parkway, Suite 550, Alpharetta, GA 30022.

3. Upon information and belief Defendant Kevin B. Coyne ("Coyne") is an individual residing in the State of Georgia and is and was at all relevant times the Chief Operating Officer of FiberLight.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

5. The matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

6. This Court has personal jurisdiction over Defendants by virtue of consent of the parties as set forth in the forum selection clause included in the Assignment of Claim which is the basis of this lawsuit.

7. Venue is proper in this judicial district based upon the consent of the parties as set forth in the Assignment of Claim.

## COUNT ONE

(breach of contract)

8. On or about January 15, 2008, Hain Capital Holdings, LLC entered into a written contract entitled "Assignment of Claim" with Defendant FiberLight, whereby Hain Capital Holdings, LLC agreed to purchase for $187,420 all right, title and interest in FiberLight's claim against 360 Networks (USA) Inc., the debtor-in-possession in the chapter 11 reorganization case, case no. 01-13721 in the United States Bankruptcy Court for the Southern District of New York (hereinafter "the Claim").

9. Under the terms of the Assignment of Claim, FiberLight represented that it was the sole owner of the Claim, that FiberLight was transferring to Hain Capital Holdings, LLC sole legal and beneficial title and ownership to the Claim, free and clear of any lien, encumbrance or any other claim, and that the Claim is valid, liquidated, non-contingent, undisputed, and is in an amount not less than $1,874,200.

10. Shortly after entering into the contract for the Assignment of Claim, Hain Capital Holdings, LLC paid FiberLight $187,420 pursuant to the terms of the Assignment of Claim in exchange for all right, title and interest in the Claim.

11. Subsequently, Hain Capital Holdings, LLC assigned its entire right, title and interest in the Claim to Plaintiff Hain.

12. On or about March 10, 2008, Plaintiff Hain received notice from a third party asserting that in fact FiberLight was not the owner of the Claim.

13. As a result of the assertion of the fact that FiberLight was not the owner of the Claim, and did not transfer to Hain clean title to the Claim, as represented under the terms of the Assignment of Claim, FiberLight breached the terms of the Assignment of Claim.

14. Under the terms of the Assignment of Claim, Hain is entitled to Liquidated Damages in an amount equal to double the amount paid to FiberLight.

15. This breach caused damages to Hain in an amount not less than $374,842, plus attorney's fees and costs.

## COUNT TWO

(common law fraud)

16. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 15.

17. Prior to Plaintiff executing the Assignment of Claim, Defendants misrepresented to Plaintiff that they were the owners of the Claim.

18. At the time of the misrepresentation, Defendants knew this misrepresentation was material and not true.

19. In making the misrepresentation to Plaintiff, Defendants intended that Plaintiffs rely on this misrepresentation in order to induce them into executing the Assignment of Claim.

20. Plaintiff did in fact rely on this misrepresentation, and entered into the Assignment of Claim agreement.

21. As result of Defendants' conduct, Plaintiff has been damaged.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants, joint and severally, on all counts and relief as follows:

1. Judgment against Defendants for any and all damages allowed, but in an amount not less than $374,842, specifically including, but not limited to, compensatory damages, consequential and incidental damages, punitive damages, liquidated damages, costs and prejudgment interest, and reasonable attorneys' fees; and

2. Such other relief as this Court may deem just and proper.

Dated: March 27, 2008

By: _____
Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 105
Rutherford, NJ 07070
(201) 507-6300

Attorney for Plaintiff