UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **HAIN CAPITAL HOLDINGS, LTD.,** | Case No. 08 CV 3156 (BSJ) |
| Plaintiff, | Civil Action |
| - against - | |
| **FIBERLIGHT, LLC,** and **KEVIN B. COYNE,** | |
| Defendants. | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Steven L. Klepper (SK 1012)
Cole, Schotz, Meisel, Forman & Leonard, P.A.
A Professional Corporation
900 Third Avenue
16th Floor
New York, NY  10022-4728
212.752.8000
212.752.8393 (fax)
Attorneys for Defendants, FiberLight, LLC, and Kevin B. Coyne

May 1, 2008

{W1261330.1}

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT..................................................................................................1

ARGUMENT...................................................................................................................................2

    I.     HAIN FAILS TO STATE A CAUSE OF ACTION AGAINST COYNE FOR
           BREACH OF CONTRACT. ...........................................................................................2

    II.    THE FRAUD CLAIM AGAINST COYNE AND FIBERLIGHT FAILS
           BECAUSE HAIN HAS NOT PLEADED FRAUD WITH PARTICULARITY....3

    III.   THE FRAUD CLAIM FAILS BECAUSE IT IS DUPLICATIVE OF THE
           BREACH OF CONTRACT CLAIM...............................................................................4

CONCLUSION................................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**  **Page**

*Ackerman v. Local Union 363, Int'l Bhd. of Elec. Workers,*
423 F.Supp.2d 125 (S.D.N.Y. 2006) ................................................................... 1

*Jasper v. Sony Music Entm't, Inc.,* 378 F.Supp.2d 334 (S.D.N.Y. 2005) ............................. 1

*Liberty Mut. Ins. Co. v. Palace Car Servs. Corp.,* Slip Copy, 2007 WL 2287902 (E.D.N.Y. August 8, 2007) ............................................................................................. 2

*Novak v. Scarborough Alliance Corp.,* 481 F.Supp.2d 289 (S.D.N.Y. 2007) ..................... 2, 3

*EED Holdings v. Palmer Johnson Acquisition Corp.,* 228 F.R.D. 508 (S.D.N.Y. 2005) ............ 3

*D'Antonio v. Metropolitan Transp. Authority,* 2008 WL 582354 (S.D.N.Y. March 4, 2008) ...... 3, 4

*Natowitz v. Mehlman,* 542 F.Supp. 674 (S.D.N.Y. 1982) ................................................ 4

*Page v. Muze, Inc.,* 705 N.Y.S.2d 383 .......................................................................... 5

*Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.,* 98 F.3d 13 (2d Cir. 1996) ........... 5

**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 1
Fed. R. Civ. P. 9(b) ............................................................................................... 3, 4

**PRELIMINARY STATEMENT**

Defendant Kevin B. Coyne ("Coyne") hereby moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") to dismiss the claims of Plaintiff, Hain Capital Holdings, Ltd. ("Hain"), for breach of contract and for fraud. Defendant FiberLight, LLC ("FiberLight," collectively with Coyne, "Defendants",) hereby moves the Court pursuant to Rule 12(b)(6) to dismiss Hain's claim for fraud. Hain's claims should be dismissed because: (i) Hain has failed to state a claim for breach of contract against Coyne by failing to allege any facts sufficient to support piercing the corporate veil; (ii) Plaintiff has failed to plead fraud with particularity against Defendants as required by Rule 9 of the Federal Rules of Civil Procedure ("Rule 9"); and (iii) Plaintiff's fraud claim is duplicative of Plaintiff's claim for breach of contract.[1]

This case should have never been filed. By its Complaint, Hain demands double recovery for a single incident, an incident that arises from a contract with FiberLight, the "Assignment of Claim," which Hain itself describes as the "basis of this lawsuit." Complaint, ¶ 6. A true copy of the Complaint is attached as Exhibit 2 to the accompanying Declaration of Steven Klepper, dated April 30, 2008. A true copy of the Assignment of Claim is attached as Exhibit 1 to the accompanying Declaration of Steven Klepper, dated April 30, 2008.[2] Defendant

---

[1] Coyne and FiberLight have filed this Motion to Dismiss in lieu of an Answer. Coyne and FiberLight reserve the right to file an Answer to any portion of the Complaint remaining after this Court enters a decision on the Motion to Dismiss. Nothing contained herein should be construed as an admission or waiver by Coyne or FiberLight.

[2] Although Hain did not attach a copy of the Assignment of Claim to its Complaint, it incorporates the Assignment of Complaint by reference. FiberLight has attached the Assignment of Claim along with an attorney's affirmation certifying that the attached Assignment of Claim is the contract Hain refers to in the Complaint. Because the Complaint incorporates the Assignment of Claim by reference, the Court may consider it on FiberLight's motion to dismiss. *See Ackerman v. Local Union 363, Int'l Bhd. Of Elec. Workers*, 423 F.Supp.2d 125, 127 (S.D.N.Y. 2006) (stating that "documents and statements that are not attached to or quoted in the complaint itself, but that are incorporated by reference into the complaint and are essential to its allegations, may be considered on a motion to dismiss without converting the motion to a motion for summary judgment ... [t]he classic examples of documents that may be considered on a motion to dismiss even though the plaintiff does not physically attach them to the complaint are the contracts that underlie the claims in the suit" (internal citations omitted)); *Jasper v. Sony Music*

{W1261330.1}                                          1

Case 1:08-cv-03156-BSJ-AJP   Document 9   Filed 05/01/2008   Page 5 of 9

Coyne did not sign the contract as an individual, and Hain has pleaded no facts that support piercing the corporate veil to hold Coyne personally liable. Despite the fact that the Complaint alleges facts entirely related to a breach of contract action, Hain has also included a fraud claim—a claim that it has not pleaded sufficiently and that is duplicative of the breach of contract claim. Count Two of the Complaint is neither sufficiently pleaded nor cognizable under New York law. Defendants respectfully request that this Court dismiss Count One of the Complaint as to Coyne and Count Two of the Complaint as to both Coyne and FiberLight.

## ARGUMENT

### I. HAIN FAILS TO STATE A CAUSE OF ACTION AGAINST COYNE FOR BREACH OF CONTRACT.

Coyne signed the Assignment of Claim as a corporate officer on behalf of Defendant FiberLight, LLC. He did not sign it in his individual capacity. "Corporate officers are not liable for breaches of contract unless the corporate veil is pierced." *Liberty Mut. Ins. Co., v. Palace Car Servs. Corp.*, Slip Copy, 2007 WL 2287902 (E.D.N.Y. August 8, 2007) (holding that breach of contract allegations against corporate officer failed as a matter of law because plaintiff did not allege facts sufficient to pierce the corporate veil); *see also Novak v. Scarborough Alliance Corp.*, 481 F.Supp.2d 289, 294 (S.D.N.Y. 2007).

In *Novak*, the plaintiff sued his former employer and the employer's president and chief executive officer for breach of the plaintiff's employment contract. *Novak*, 481 F.Supp.2d at 291-292. The defendant officer moved, pursuant to Rule 12(b)(6), to dismiss the plaintiff's claims against him. *Id.* at 292. The Court explained that veil-piercing is an "exceptional remedy" requiring the party seeking to pierce the corporate veil to demonstrate two elements:

---

*Entm't, Inc.*, 378 F.Supp.2d 334, 338 (S.D.N.Y. 2005) (stating that a court may, on a motion to dismiss, consider a contract that forms the basis of the lawsuit even though the contract was not attached to the complaint).

{W1261330.1}

2

> (i) [that] the owners exercised complete domination of the corporation in respect to the transaction attacked; and (ii) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury.

*Id.* at 293 (citing *Morris v. N.Y. State Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 141, 623 N.E.2d 1157, 603 N.Y.S.2d 807 (1993)); *see also EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005) (dismissing a claim for corporate veil-piercing on a Rule 12(b)(6) motion to dismiss). Because the plaintiff failed to allege that the corporate officer dominated the corporate defendant or that equity required the court to "circumvent the protections of the corporate form," the court dismissed the plaintiff's claims against the officer. *Id.* at 294.

Like the plaintiff in *Novak*, Hain failed to allege any facts regarding the elements of a claim to pierce the corporate veil of FiberLight and hold Coyne personally liable for breach of contract. In fact, the Complaint identifies Coyne as FiberLight's Chief Operating Officer, states the place of his residence, and says nothing more about Coyne. Complaint, ¶ 3. Nothing in the Complaint provides a basis for piercing the corporate veil to allow Hain to hold Coyne individually liable on the Assignment of Claim. Accordingly, the claim for breach of contract against Coyne must fail.

## II. THE FRAUD CLAIM AGAINST COYNE AND FIBERLIGHT FAILS BECAUSE HAIN HAS NOT PLEADED FRAUD WITH PARTICULARITY.

Rule 9 requires a plaintiff to state the circumstances constituting fraud with particularity. Fed. R. Civ. P. 9(b); *D'Antonio v. Metropolitan Transp. Authority*, 2008 WL 582354, *11 (S.D.N.Y. March 4, 2008) (dismissing the plaintiffs' fraud claims because they were not pleaded with particularity). The plaintiff must "specify the time, place, speaker, and content of the alleged misrepresentations." *D'Antonio*, 2008 WL 582354 at *11 (citing *DiVittorio v. Equidyne*

*Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)). In *D'Antonio*, multiple defendants moved to dismiss the plaintiffs' claims under both Rule 12(b)(6) and Federal Rule of Civil Procedure 12(c) (judgment on the pleadings). *Id.* at *3. Applying the standard for a motion pursuant to Rule 12(b)(6), the court dismissed the plaintiffs' fraud claims because the plaintiffs failed to plead the claims with particularity as required by Rule 9. *Id.* at *11. The *D'Antonio* plaintiffs failed to allege any misrepresentations beyond their allegations that the defendants intended to disregard the terms of a contract that was the subject of the lawsuit. *Id.*

Count Two of Hain's Complaint does not meet the Rule 9(b) standard. Not one of the six statements Hain alleges in support of its fraud claim identifies the time, place, or speaker of the alleged misrepresentation. Like the plaintiffs in *D'Antonio*, Hain's only real allegation is related to FiberLight's intention to perform under its contract with Hain. Moreover, Hain names both FiberLight and Coyne as defendants, yet Hain fails to identify whether the alleged misrepresentation is attributable to Coyne, to FiberLight, or both. Where a plaintiff sues multiple defendants for fraud, the plaintiff must specify the alleged fraud perpetrated by each defendant. *Natowitz v. Mehlman*, 542 F.Supp. 674, 676 (S.D.N.Y. 1982) (dismissing a fraud claim that failed to comply with Rule 9(b)).

Hain does not identify what statements either FiberLight or Coyne made to "misrepresent[] to Plaintiff that they were the owners of the Claim." Complaint, ¶ 17. Hain's Complaint sets forth a bare recitation of the elements of fraud, but it provides no facts to support that claim or to allow either FiberLight or Coyne to defend the claim. Because Hain has not met the standard imposed by Rule 9(b), the claim for fraud fails.

### III. THE FRAUD CLAIM FAILS BECAUSE IT IS DUPLICATIVE OF THE BREACH OF CONTRACT CLAIM.

In addition to insufficiently pleading fraud, Hain also fails to allege any facts that distinguish its claim for fraud from its claim for breach of contract. Under New York law, "a cause of action to recover damages for fraud may not be maintained when the only fraud alleged relates to a breach of contract." *Page v. Muze, Inc.*, 705 N.Y.S.2d 383, 270 A.D.2d 401, 402 (2d Dept. 2000) (dismissing the plaintiff's fraud claim as redundant of the breach of contract claim). To state a claim for fraud, when also alleging a breach of contract claim, the plaintiff must: (1) demonstrate a fraudulent misrepresentation that is collateral or extraneous to the contract; (2) demonstrate a legal duty separate from the duty to perform under the contract; or (3) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages. *Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.*, 98 F.3d 13, 20 (2d Cir. 1996) (vacating a judgment for fraud because the fraud claim merely appended allegations about a defendant's breach of contract).

Hain meets none of these requirements. Hain's breach of contract claim appears to allege that a representation contained in the Assignment of Claim was not accurate, resulting in FiberLight's breach of the contract. Complaint, ¶¶ 9, 12-13. Hain's fraud claim appears to allege that FiberLight and Coyne committed fraud due to the same inaccuracy. *Id.* at ¶ 17. Hain does not demonstrate a fraudulent misrepresentation that is collateral or extraneous to the contract. Hain does not allege that FiberLight or Coyne owes it any legal duty whatsoever. As to damages, Hain merely states that it "has been damaged" and certainly does not state that it is entitled to damages that are not recoverable as contract damages. *Id.* at ¶ 21. Hain's claim for fraud is redundant of its contract claim and must be dismissed accordingly.

## CONCLUSION

Defendants, FiberLight, LLC, and Kevin B. Coyne, respectfully request that this Court enter an order dismissing Count One of the Complaint as to defendant Coyne and Count Two of the Complaint as to both Defendants, and granting to Defendants such other relief as is just.

Respectfully submitted,

_____
Steven L. Klepper (SK 1012)
Cole, Schotz, Meisel, Forman & Leonard, P.A.
A Professional Corporation
900 Third Avenue
16th Floor
New York, NY  10022-4728
212.752.8000
212.752.8393 (fax)
Attorneys for Defendants, FiberLight, LLC, and Kevin B. Coyne