UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------

HAIN CAPITAL HOLDINGS, LTD.,

                Plaintiff,

v.

FIBERLIGHT, LLC, and KEVIN B. COYNE,

                Defendants.

------------------------------------

Case No. 08 CV 3156 (BSJ)(AJP)

Civil Action

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants FiberLight, LLC ("FiberLight"), and Kevin B. Coyne ("Coyne," and together with FiberLight, the "Defendants") answer the Second Amended Complaint (the "Complaint") filed by plaintiff Hain Capital Holdings, Ltd. ("Hain"), as follows:

## THE PARTIES

1. Plaintiff Hain Capital Holdings, Ltd. ("Hain") is and was at all relevant times a company formed under the laws of the Cayman Islands having its principal place of business located at 301 Route 17 North, Rutherford, New Jersey 07070.

    ANSWER: Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore deny the allegations.

2. Upon information and belief, Defendant FiberLight, LLC ("FiberLight"), is a Delaware limited liability company having its principal place of business located at 3655 Brookside Parkway, Suite 550, Alpharetta, GA 30022.

    ANSWER: Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Upon information and belief Defendant Kevin B. Coyne ("Coyne") is an individual residing in the State of Georgia and is and was at all relevant times the Chief Operating Officer of FiberLight.

ANSWER: Defendants admit the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

ANSWER: Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and therefore deny those allegations.

5. The matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

ANSWER: Defendants state that the Complaint speaks for itself as to the alleged damages and deny the remaining allegations contained in Paragraph 5 of the Complaint.

6. This Court has personal jurisdiction over Defendants by virtue of consent of the parties as set forth in the forum selection clause included in the Assignment of Claim which is the basis of this lawsuit.

ANSWER: FiberLight states that the Assignment of Claim speaks for itself. Coyne states that he is not a party to the Assignment of Claim and therefore denies the allegations contained in Paragraph 6 of the Complaint.

7. Venue is proper in this judicial district based upon the consent of the parties as set forth in the Assignment of Claim.

> ANSWER: FiberLight states that the Assignment of Claim speaks for itself. Coyne states that he is not a party to the Assignment of Claim and therefore denies the allegations contained in Paragraph 7 of the Complaint.

## COMMON ALLEGATIONS

8. Hain Capital Group, LLC is an investment firm that, by and through its affiliates Hain Capital Holdings, LLC and Plaintiff Hain, specializes in the purchase of claims in bankruptcy.

> ANSWER: Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore deny those allegations.

9. On or about October 1, 2007, Hain Capital Group, LLC checked the claim register in the 360 Networks (USA) Inc. bankruptcy case, case no. 01-13721 in the United States Bankruptcy Court for the Southern District of New York, and found that a proof of claim ("the Claim") was filed in May 2002 by ACSI Network Technologies, Inc. ("ACSI") in the amount of $1,874,200.00.

> ANSWER: Defendants state that the Claim and the Claim Register in the 360 Networks (USA), Inc. case speak for themselves and deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. Upon subsequent research, Hain Capital Group, LLC determined that FiberLight was the successor in interest to ACSI.

> ANSWER: Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore deny those allegations.

45768/0001-1528868v1

11. On or about October 19, 2007, Hain Capital Group, LLC contacted Defendant FiberLight with respect to the possible purchase of the Claim for a cash settlement.

ANSWER: Defendants admit that Hain Capital Group, LLC, contacted FiberLight to purchase the Claim from FiberLight and deny the remaining allegations contained in Paragraph 11 of the Complaint.

12. In the next two weeks during conversations between Hain Capital Group, LLC and FiberLight, FiberLight confirmed to Hain Capital Group, LLC that it was the successor in interest to ACSI and that it was the owner of the Claim.

ANSWER: Defendants admit that FiberLight is a successor in interest to ACSI and deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. On or about November 2, 2007, FiberLight agreed to sell the Claim to Hain Capital Group, LLC, or its designated affiliates or assigns, at 5% of the principal amount of the Claim, or $93,710.00.

ANSWER: Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. On or about November 8, 2007, Defendant Coyne executed a Trade Confirmation regarding the sale of the claim and signed the Trade Confirmation on behalf of FiberLight, as successor in interest to ACSI.

ANSWER: Defendants admit that Coyne, on behalf of FiberLight, executed a Trade Confirmation regarding the sale of the claim, state that FiberLight is a successor in interest to ACSI, and deny the remaining allegations contained in Paragraph 14 of the Complaint.

45768/0001-1528868v1

15. On or about November 12, 2007 Hain Capital Group, LLC's attorney Andrew Jones ("Jones") spoke with Chad Pifer ("Pifer"), Vice President Legal & Regulatory for FiberLight, and requested that FiberLight provide supporting documents regarding the ownership of the Claim by FiberLight. Pifer refused to provide the requested documentation, stating that it was confidential, but assured Jones that FiberLight was the owner of the claim. Jones informed Pifer that Hain Capital Holdings, LLC would rely on a representation and warranty by FiberLight that FiberLight owned, and would transfer to Hain Capital Holdings, LLC, good and sole legal and beneficial ownership to the claim. Additionally, as a result of the conversation, paragraph 4(f) of the Assignment of Claim was specifically amended to include a representation that FiberLight "is the successor-in-interest to and sole owner of ACSI Network Technologies, Inc."

ANSWER: Defendants admit that Andrew Jones spoke with Chad Pifer, state that, upon information and belief, both FiberLight and Hain Capital Group, LLC, operated under a mutual mistake of fact regarding ownership of the Claim, state that the Claim was excluded from the purchase of ACSI's assets pursuant to a sale order dated as of June 5, 2002, in the bankruptcy case styled *In re E.spire Communications, Inc., et al.*, case number 01-974 filed in the United States Bankruptcy Court for the District of Delaware, state that such sale order is a matter of public record, state that Chad Pifer was not involved in the transaction giving rise to said sale order, and deny the remaining allegations contained in Paragraph 15 of the Complaint.

16. On or about January 11, 2008, FiberLight demanded that it be paid more than the 5% originally agreed to. Hain Capital Holdings, LLC subsequently agreed to pay double the agreed to amount and pay FiberLight 10% of the principal amount of the Claim, or $187,420.00.

ANSWER: Defendants state that, on or about January 11, 2008, Hain Capital Group, LLC, and FiberLight negotiated a purchase price of 10% of the principal amount of the Claim, or $187,420.00, and deny the remaining allegations contained in Paragraph 16 of the Complaint.

## COUNT ONE
### (Breach Of Contract)

17. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 16.

ANSWER: Defendants restate their responses to Paragraphs 1 through 16 as if fully set forth herein.

18. On or about January 15, 2008, Hain Capital Holdings, LLC entered into a written contract entitled "Assignment of Claim" with Defendant FiberLight, whereby Hain Capital Holdings, LLC agreed to purchase the Claim. A copy of the Assignment of Claim is attached as Exhibit A.

ANSWER: FiberLight admits that it entered into an Assignment of Claim with Hain Capital Group, LLC. FiberLight states that the Assignment of Claim speaks for itself, and denies the remaining allegations contained in Paragraph 18 of the Complaint. Coyne admits that FiberLight entered into an Assignment of Claim with Hain Capital Group, LLC, states that the Assignment of Claim speaks for itself, states that he is not a party to the Assignment of Claim and denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Under the terms of the Assignment of Claim, FiberLight represented that it was the sole owner of the Claim, that FiberLight was transferring to Hain Capital Holdings, LLC sole legal and beneficial title and ownership to the Claim, free and clear of any lien, encumbrance or

6

any other claim, and that the Claim is valid, liquidated, non-contingent, undisputed, and is in an amount not less than $1,874,200.

ANSWER:   FiberLight states that it entered into the Assignment of Claim with Hain Capital Group, LLC, states that the Assignment of Claim speaks for itself and denies the remaining allegations contained in Paragraph 19 of the Complaint.  Coyne states that the Assignment of Claim speaks for itself, states that he is not a party to the Assignment of Claim, and denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.   Shortly after entering into the contract for the Assignment of Claim, Hain Capital Holdings, LLC paid FiberLight $187,420.00 pursuant to the terms of the Assignment of Claim in exchange for all right, title and interest in the Claim.

ANSWER:   FiberLight admits that Hain Capital Group, LLC paid FiberLight $187,420.00, states that the Assignment of Claim speaks for itself, and denies the remaining allegations contained in Paragraph 20 of the Complaint.   Coyne admits that Hain Capital Group, LLC paid FiberLight $187,420.00, states that the Assignment of Claim speaks for itself, states that he is not a party to the Assignment of Claim, and denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.   Subsequently, Hain Capital Holdings, LLC assigned its entire right, title and interest in the Claim to Plaintiff Hain.

ANSWER:   Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore deny those allegations.

22. On or about March 10, 2008, Plaintiff Hain received notice from the trustee for the ACSI bankruptcy that in fact FiberLight was not the owner of the Claim since the Claim was owned by the estate of ACSI.

ANSWER: Defendants admit that FiberLight and Hain received a letter dated March 10, 2008 from Gary F. Seitz, trustee for the ACSI bankruptcy estate, state that the letter speaks for itself, and deny the remaining allegations contained in Paragraph 22 of the Complaint.

23. Subsequently, when Defendants were informed that FiberLight was not the owner of the Claim, Defendants did not dispute this fact.

ANSWER: Defendants admit that Hain Capital Group, LLC informed FiberLight that FiberLight was not the owner of the Claim. Defendants state that upon recognizing that a mutual or unilateral mistake of fact had occurred, FiberLight offered to restore Hain to its position prior to making the Assignment of Claim, and that Hain rejected FiberLight's offer. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24. As a result of the fact that FiberLight was not the owner of the Claim and was unable to transfer to Hain clean title to the Claim, FiberLight thus breached the terms of the Assignment of Claim.

ANSWER: Defendants admit that FiberLight did not transfer to Hain Capital Group, LLC, clean title to the Claim, state that the Assignment of Claim speaks for itself, state that any breach of the Assignment of Claim is the result of mutual or unilateral mistake concerning the ownership of the Claim, and deny the remaining allegations contained in Paragraph 24 of the Complaint. Defendants further state that upon learning of the mutual

or unilateral mistake of fact, FiberLight offered to restore Hain to its position prior to making the Assignment of Claim, and that Hain rejected FiberLight's offer.

25. Under the terms of the Assignment of Claim, Hain is entitled to Liquidated Damages in an amount equal to double the amount paid to FiberLight.

ANSWER: Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. This breach by FiberLight caused damages to Hain in an amount not less than $374,842, plus attorney's fees and costs.

ANSWER: Defendants deny the allegations contained in Paragraph 26 of the Complaint. Defendants further state that Plaintiff may not be the real party in interest as to this claim for relief.

## COUNT TWO
### (Common Law Fraud)

27. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 26.

ANSWER: Defendants restate their responses to Paragraphs 1 through 26 as if fully set forth herein.

28. Prior to the execution of the Assignment of Claim, Defendants FiberLight and Coyne orally represented to Hain Capital Holdings, LLC that FiberLight was the owner of the Claim and that FiberLight was the successor in interest to ACSI with respect to the Claim.

ANSWER: Defendants admit that FiberLight was a successor in interest to ACSI and deny the remaining allegations contained in Paragraph 28 of the Complaint.

29. Additionally, prior to the execution of the Assignment of the Claim, FiberLight, through its attorney Pifer, orally represented to Hain Capital Holdings, LLC that all documentation regarding the ownership of the Claim was confidential and could not be provided.

ANSWER: Defendants admit that Andrew Jones spoke with Chad Pifer, state that ownership of the Claim was retained by ACSI in a sale order dated as of June 5, 2002, in a case styled In re E.spire Communications, Inc., et al., case number 01-974 filed in the United States Bankruptcy Court for the District of Delaware, state that such sale order is a matter of public record, state that Chad Pifer was not involved in the transaction giving rise to said sale order, and deny the remaining allegations contained in Paragraph 29 of the Complaint.

30. Under the terms of the Assignment of Claim, Defendants represented that FiberLight was the owner of the Claim.

ANSWER: FiberLight states that the Assignment of Claim speaks for itself and denies the remaining allegations contained in Paragraph 30 of the Complaint. Coyne states that he is not a party to the Assignment of Claim and denies the remaining allegations of Paragraph 30 of the Complaint.

31. However, in fact, FiberLight and Coyne knew that FiberLight was not the owner of the Claim based upon the explicit provisions of the May 23, 2002 Asset Contribution Agreement, which provided that the Claim would not be transferred to FiberLight's predecessor-in-interest.

ANSWER: Defendants deny the allegations contained in Paragraph 31 of the Complaint.

10

45768/0001-1528868v1

32. Furthermore, based upon information and belief, Defendant Coyne was familiar with the terms of the Asset Contribution Agreement as a result of his involvement in an adversary proceeding related to the ACSI bankruptcy that began in or about 2003 in the Delaware Bankruptcy Court in which a central issue of the case was the terms of the Asset Contribution Agreement.

ANSWER: Defendants admit that Coyne was involved in an adversary proceeding related to the ACSI bankruptcy case and deny the remaining allegations contained in Paragraph 32 of the Complaint.

33. Yet, Coyne intentionally failed to tell Hain Capital Holdings, LLC during conversations that FiberLight never acquired the Claim.

ANSWER: Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Furthermore, based upon information and belief, the terms of the Asset Contribution Agreement were not confidential and were available to Defendant FiberLight and Defendant Coyne.

ANSWER: Defendants state that ownership of the Claim was retained by ACSI in a sale order dated as of June 5, 2002, in a case styled *In re E.spire Communications, Inc., et al.*, case number 01-974 filed in the United States Bankruptcy Court for the District of Delaware, state that such sale order is a matter of public record, and deny the remaining allegations contained in Paragraph 34 of the Complaint.

35. In making these representations and omissions, Defendants knew these misrepresentations and omissions were false and misleading and intended that Hain Capital

Holdings, LLC rely on these misrepresentations and omissions in order to induce them into executing the Assignment of Claim.

ANSWER:   Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.   Hain Capital Holdings, LLC did in fact rely on these misrepresentations and omissions, which were material, and as a result of their reasonable reliance, entered into the Assignment of Claim agreement.

ANSWER:   Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.   As [sic] result of Defendants' conduct, Hain Capital Holdings, LLC has been damaged.

ANSWER:   Defendants deny the allegations contained in Paragraph 37 of the Complaint. Defendants further state that Plaintiff may not be the real party in interest as to this claim for relief.

## COUNT THREE
### (Negligent Misrepresentation)

38.   Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 37.

ANSWER:   Defendants restate their responses to Paragraphs 1 through 37 as if fully set forth herein.

39.   As a result of the relationship between the parties, defendants had a duty to give correct information to plaintiff regarding ownership of the Claim.

ANSWER.   Defendants deny the allegations contained in Paragraph 39 of the Complaint.

45768/0001-1528868v1

40. Yet, defendants misrepresented to plaintiff that they were the owners of the Claim when in fact they knew or should have known that this was not correct.

ANSWER: Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants were aware that in making representations regarding ownership of the claim, that plaintiff would use this information as [sic] basis for entering into an agreement to purchase the Claim from defendants.

ANSWER: Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Plaintiff intended to and did in fact reasonably rely upon the representations as to ownership of the Claim when it entered into an agreement to purchase the Claim from defendants.

ANSWER: Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. This reliance was detrimental to plaintiff since as a result plaintiff suffered damages.

ANSWER: Defendants deny the allegations contained in Paragraph 43 of the Complaint. Defendants further state that Plaintiff may not be the real party in interest as to this claim for relief.

## COUNT FOUR
### (Promissory Estoppel)

44. Plaintiff alleges and incorporates by references the allegations contained in paragraphs 1 through 43.

ANSWER:   Defendants restate their responses to Paragraphs 1 through 43 as if fully set forth herein.

45.   Defendants made a clear and unambiguous promise that FiberLight was the owner of the Claim and that it was entitled to sell the Claim to Plaintiff.

ANSWER:   Defendants state that Coyne is not a party to the Assignment of Claim, state that as the result of a mutual or unilateral mistake of fact, FiberLight entered into the Assignment of Claim, state that the Assignment of Claim speaks for itself, and deny the remaining allegations contained in Paragraph 45 of the Complaint.

46.   Plaintiff reasonably and foreseeably relied upon that promise.

ANSWER:   Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.   As a direct and proximate result of plaintiff's reliance upon defendants' promise, plaintiff suffered injury.

ANSWER:   Defendants deny the allegations contained in Paragraph 47 of the Complaint. Defendants further state that Plaintiff may not be the real party in interest as to this claim for relief.

## COUNT FIVE
### (Breach of Warranty)

48.   Plaintiff alleges and incorporates by reference the allegations contained in paragraphs1 [sic] through 46 [sic].

ANSWER:   Defendants restate their responses to Paragraphs 1 through 47 as if fully set forth herein.

49.   Defendants expressly and/or impliedly warranted to plaintiff that they were the owners of the claim [sic] and as such had the ability to sell the Claim to plaintiff.

45768/0001-1528868v1

ANSWER:    Defendants state that as the result of a mutual or unilateral mistake of fact, FiberLight entered into the Assignment of Claim, state that the Assignment of Claim speaks for itself and deny the remaining allegations contained in Paragraph 49 of the Complaint.

50.   Defendants breached these express and/or implied warranties in that they did not own the Claim and thus, could not sell the Claim to plaintiff.

ANSWER:    Defendants admit that FiberLight did not own the Claim, state that FiberLight and Hain Capital Group, LLC, entered into the Assignment of Claim operating under a mutual or unilateral mistake of fact, state that the Assignment of Claim speaks for itself, state that such mutual or unilateral mistake renders the Assignment of Claim voidable, state that Coyne is not a party to the Assignment of Claim, and deny the remaining allegations contained in Paragraph 50 of the Complaint.

51.   As a direct and proximate result thereof, plaintiff sustained damage from defendants' breach of the express and/or implied warranties with respect to ownership of the Claim.

ANSWER:    Defendants state that upon learning of the mutual or unilateral mistake of fact, FiberLight offered to restore Hain to its position prior to making the Assignment of Claim and that Hain rejected FiberLight's offer. Defendants further state that Plaintiff may not be the real party in interest as to this claim for relief and deny the remaining allegations contained in Paragraph 51 of the Complaint.

## COUNT SIX
### (Unjust Enrichment)

52.   Plaintiff alleges and incorporates by reference the allegations contained in paragraphs 1 through 51.

ANSWER: Defendants restate their responses to Paragraphs 1 through 51 as if fully set forth herein.

53. As a result of defendants' conduct, defendants received $187,420.00 from plaintiff.

ANSWER: Defendants admit that Hain Capital paid FiberLight $187,420.00 and deny the remaining allegations contained in Paragraph 53 of the Complaint.

54. The receipt of this money was at plaintiff's expense, since plaintiff did not receive ownership of the Claim.

ANSWER: Defendants admit that Hain did not receive ownership of the Claim, state that both FiberLight and Hain Capital Group, LLC, entered into the Assignment of Claim operating under a mutual or unilateral mistake of fact as to the ownership of the Claim, state that upon learning of the mutual or unilateral mistake of fact, FiberLight offered to restore Hain to its position prior to making the Assignment of Claim and that Hain rejected FiberLight's offer, and deny the remaining allegations contained in Paragraph 54 of the Complaint.

55. Equity and good conscience require restitution to be made to plaintiff in the amount of $187,420.00.

ANSWER: Defendants admit the allegations contained in Paragraph 55 of the Complaint and state that FiberLight stands ready and willing to pay to plaintiff the amount of $187,420.00. Defendants further state that Plaintiff may not be the real party in interest as to this claim for relief.

56. Defendants deny that Plaintiff is entitled to the relief Plaintiff requests.

57. Defendants deny each and every allegation contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Court does not have personal jurisdiction over Defendant Coyne.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of mutual mistake. As a result of the mutual mistake of fact, the Assignment of Claim is void.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate its damages by, inter alia, on or about March 25, 2008, failing to accept FiberLight's offer to restore Hain to its position prior to making the Assignment of Claim.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for fraud, negligent misrepresentation, promissory estoppel, breach of warranty, and unjust enrichment are barred as duplicative of Plaintiff's breach of contract claim.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff is not the real party in interest with standing to assert its claims.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Defendants owed no duties to Plaintiff.

45768/0001 1528868v1

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrines of waiver, laches, and estoppel.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by release.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of assumption of the risk.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's equitable claims are barred by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's equitable claims are barred by Plaintiff's failure to do equity.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because New York law entitles Coyne to the protection of the FiberLight corporate form.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unilateral mistake. As a result of the unilateral mistake, the Assignment of Claim is void.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of impossibility.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of frustration of purpose.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any and all affirmative defenses as may arise during the course of discovery in this matter or may be appropriate under law.

WHEREFORE, Defendant FiberLight, LLC and Defendant Kevin B. Coyne demand judgment in their favor on all counts, that they recover their costs and attorney's fees herein, and all other relief as the Court determines is just.

DATED:  New York, New York
July 14, 2008

Respectfully submitted,

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation
Attorneys for Defendants, FiberLight, LLC,
and Kevin B. Coyne

By: _____
Steven L. Klepper (SK 1012)
Cole, Schotz, Meisel,
Forman & Leonard, P.A.
A Professional Corporation
900 Third Avenue, 16th floor
New York, NY 10022-4728
(212) 752-8000
(212) 752-8393 (fax)