UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

HAIN CAPITAL HOLDINGS, LTD.,

    Plaintiff,

-against-

FIBERLIGHT, LLC, and KEVIN B. COYNE,

    Defendants.

---

Case No. 08 CV 3156 (BSJ)(AJP)

Civil Action

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Steven L. Klepper (SK 1012)
Cole, Schotz, Meisel,
Forman & Leonard, P.A.
A Professional Corporation
900 Third Avenue
16th Floor
New York, NY 10022-4728
212.752.8000
212.752.8393 (fax)
Attorneys for Defendants, FiberLight, LLC,
and Kevin B. Coyne

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

RELEVANT FACTS .................................................................................................................. 1

ARGUMENT ............................................................................................................................... 2

    I.    HAIN IS NOT ENTITLED TO DAMAGES IN THE AMOUNT OF TWO TIMES THE CONTRACT PRICE ........................................................ 3

    II.    HAIN HAS FAILED TO ALLEGE FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR FRAUD ............................................................... 5

        A.    Hain Has Not Demonstrated A Fraudulent Misrepresentation That Is Collateral Or Extraneous To The Contract. ..................................................................................................... 6

        B.    Hain Has Not Demonstrated A Legal Duty Separate From The Duty To Perform Under The Contract. .............................................. 8

        C.    Hain Has Not Alleged That It Is Entitled To Special Damages That Are Unrecoverable As Contract Damages. ......................... 8

    III.    HAIN HAS FAILED TO PLEAD FACTS SUFFICIENT TO SUPPORT ITS CLAIM FOR NEGLIGENT MISREPRESENTATION. ................................................................................. 8

CONCLUSION .......................................................................................................................... 10

# TABLE OF AUTHORITIES

## CASES            PAGES

Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc., 98 F.3d 13 (2d Cir. 1996) ....... 5, 6

Bank of New York v. First Millennium, Inc., Slip Copy, 2008 WL 953619
    (S.D.N.Y. April 8, 2008) .................................................................................................. 2

City of Elmira v. Larry Walter, Inc., 76 N.Y.2d 912, 564 N.E.2d 655 (1990) ........................... 4, 5

Cohen v. Koenig, 25 F.3d 1168 (2d Cir. 1994) ................................................................................ 3

Ginsburg v. Gov't Props. Trust, Inc., 2007 WL 2981683, at *17 (S.D.N.Y. October 11,
    2007) ................................................................................................................................ 2, 8

Iconoclast Advisers LLC v. Petro-Suisse Ltd., 17 Misc.3d 1001(A), 2007 WL 2756959
    (N.Y.Sup. 2007) ............................................................................................................... 6

Longview Equity Fund, L.P. v. iWorld Projects & Systems, Inc., Slip Copy, 2008 WL
    833230 (S.D.N.Y. March 26, 2008) ................................................................................ 1

Metro. Transit Auth. v. Triumph Adver. Prods., 116 A.D.2d 526, 497 N.Y.S.2d 673
    (1st Dept. 1986) ............................................................................................................... 7

Onanuga v. Pfizer, 2003 WL 22670842 (S.D.N.Y. Nov. 7, 2003) ................................................. 9

Page v. Muze, Inc., 705 N.Y.S.2d 383, 270 A.D.2d 401 (2d Dept. 2000) ..................................... 5

Pramco III, LLC v. Partners Trust Bank, 841 N.Y.S.2d 822, 2007 WL 1574479
    (N.Y.Sup. 2007) ............................................................................................................... 7

Shred-It USA, Inc. v. Bartscher, 2005 WL 2367613, 8 (E.D.N.Y. Sept. 27, 2005) ....................... 4

U.S. Fidelity and Guar. Co. v. Braspertro Oil Servs. Co., 369 F.3d 34 (2d Cir. 2004) ................ 4

## STATUTES

Federal Rule of Civil Procedure 12(c) .............................................................................. 1, 2, 8, 9

## PRELIMINARY STATEMENT

This case should never have been filed. By its Second Amended Complaint, Hain Capital Holdings, Ltd. ("Hain") seeks multiple remedies for a single dispute that arose from a simple mistake. In the Second Amended Complaint, Hain demands liquidated damages to which it is not entitled. Additionally, Hain asks this Court to expand Hain's breach of contract claim to encompass compensatory and punitive damages by its claims for fraud and negligent misrepresentation. As discussed more fully below, Hain has failed to plead its entitlement to the multiplicative recovery it demands. Accordingly, defendants FiberLight, LLC ("FiberLight"), and Kevin B. Coyne ("Coyne," and together with FiberLight, the "Defendants"), hereby move the Court pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 12(c)") to enter judgment on the pleadings against Hain and in favor of Defendants as to Hain's damage claim asserted in paragraphs 25 and 26 of its Second Amended Complaint and as to Counts Two and Three of its Second Amended Complaint.

## RELEVANT FACTS

On or about January 15, 2008, FiberLight entered into an Assignment of Claim with Hain Capital Group, LLC ("Hain Capital"). Second Amended Complaint, 18 (a copy of the Second Amended Complaint is attached as Exhibit A to the accompanying Declaration of Steven L. Klepper, dated July 14, 2008 – the "Klepper Decl.").[1] Under the terms of the Assignment of Claim, FiberLight agreed to transfer a claim against 360 Networks (USA), Inc., the debtor-in-possession in case no. 01-13721, a chapter 11 case pending in the United States Bankruptcy Court for the Southern District of New York (the "Claim"), to Hain. *Id.* After executing the

---

[1] A copy of the Assignment of Claim was attached to the Second Amended Complaint filed by Hain. In deciding a motion for judgment on the pleadings, a court may consider documents attached to the pleadings or documents incorporated by reference in the pleadings. *Longview Equity Fund, L.P. v. iWorld Projects & Systems, Inc.*, Slip Copy, 2008 WL 833230 (S.D.N.Y. March 26, 2008).

45768/0001-1528849v1

Assignment of Claim, the parties learned that FiberLight did not own the Claim. Second Amended Complaint, ¶¶ 22-23, Klepper Decl., Ex. A. In light of this information, on or about March 25, 2008, FiberLight offered to return the purchase price plus interest to Hain to make Hain whole. Defendants' Answer to Plaintiff's Second Amended Complaint ("Answer"), ¶¶ 23-24, 51, 54, and 61 (a copy of the Answer is attached as Exhibit B to the Klepper Decl.). Less than one week later, on March 28, 2008, Hain filed its Complaint.

The facts pled by Hain do not support its claim for liquidated damages or for fraud or negligent misrepresentation. Consequently, Defendants respectfully request that this Court enter a judgment in favor of Defendants and against Hain with respect to the liquidated damages claim contained in paragraphs 25 and 26 of the Second Amended Complaint and with respect to Counts Two and Three of the Second Amended Complaint.

## ARGUMENT

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A court should grant a defendant's motion for judgment on the pleadings where, as here, the plaintiff has failed to "provide the grounds of his entitlement to relief." *Bank of New York v. First Millennium, Inc.*, Slip Copy, 2008 WL 953619 (S.D.N.Y. April 8, 2008) (*citing Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007); *Ginsburg v. Gov't Props. Trust, Inc.*, 2007 WL 2981683, at *17 (S.D.N.Y. October 11, 2007)) (explaining that "a formulaic recitation of the elements of a cause of action will not do" and that "general, conclusory allegations need not be credited"). Hain[2]

---

[2] As an initial matter, FiberLight notes that it entered into the Assignment of Claim with Hain Capital Group, LLC, and made no representations to Hain whatsoever. All of FiberLight's discussions took place with Hain Capital Group, LLC. The Second Amended Complaint refers to Hain Capital Holdings, LLC. *See* Second Amended Complaint, ¶¶ 27-37, Klepper Decl. Ex A. Defendants state that they communicated with Hain Capital Group, LLC, not Hain Capital Holdings, LLC. Additionally, in the event that this Court determines that Hain's claims survive this Motion, Defendants expressly reserve the

2

has failed to provide the grounds of its entitlement to liquidated damages or to damages for fraud or negligent misrepresentation.

### I. HAIN IS NOT ENTITLED TO DAMAGES IN THE AMOUNT OF TWO TIMES THE CONTRACT PRICE

Hain has failed to provide the grounds of its entitlement to relief for damages in the amount of two times the contract price. In the Second Amended Complaint, Hain asserts that it is entitled to "Liquidated Damages in an amount equal to double the amount paid to FiberLight." Second Amended Complaint, ¶¶25-26, Klepper Decl., Ex. A. Hain must refer to paragraph six of the Assignment of Claim, which states:

> IN THE EVENT ASSIGNOR HAS PREVIOUSLY ASSIGNED OR PLEDGED, OR ASSIGNS OR PLEDGES, ANY PORTION OF THIS CLAIM TO ANY PARTY OTHER THAN ASSIGNEE, ASSIGNOR AGREES TO IMMEDIATELY PAY ASSIGNEE UPON DEMAND OF ASSIGNEE, LIQUIDATED DAMAGES IN AN AMOUNT EQUAL TO DOUBLE THE AMOUNT PAID TO ASSIGNOR HEREIN WITH RESPECT TO SUCH PORTION OF THE CLAIM.

Assignment of Claim, ¶ 6 ("Paragraph Six"), Klepper Decl., Ex. A. Paragraph Six is inapplicable, and Hain's claim for damages pursuant to Paragraph Six (the "Double Damages Claim") fails.

As to defendant Coyne, the Double Damages Claim fails. Coyne was not a party to the Assignment of Claim in his individual capacity. It is well settled that corporate officers are not liable for breach of contract unless the corporate veil is pierced. *See Cohen v. Koenig*, 25 F.3d 1168, 1173 (2d Cir. 1994). Hain has not alleged that the corporate veil should be pierced, nor has Hain pleaded any facts that would support a claim for veil-piercing. Therefore, the Double Damages Claim fails as to Coyne.

---

right to challenge Hain's standing as the real party in interest to pursue the claims.

The Double Damages Claim also fails as to FiberLight. By its own terms, Paragraph Six does not apply to any of the facts alleged in the Second Amended Complaint. Paragraph Six would only be triggered in the event that FiberLight transferred the Claim prior or subsequent to executing the Assignment of Claim. Those facts are not present. FiberLight, Hain alleges, did not own the Claim, and consequently was incapable of transferring the Claim prior or subsequent to executing the Assignment of Claim. *See* Second Amended Complaint, ¶ 24, Klepper Decl., Ex. A. Moreover, Hain does not allege that FiberLight attempted to transfer the Claim to "any party other than [Hain]" prior or subsequent to executing the Assignment of Claim. Because Hain has not pled any facts that would trigger the operation of Paragraph Six, Hain's Double Damages Claim must fail.

Hain classifies Paragraph Six of the Assignment of Claim as a provision for "Liquidated Damages." Second Amended Complaint, ¶ 25, Klepper Decl., Ex. A. New York law requires courts to strictly construe liquidated damages provisions. *U.S. Fidelity and Guar. Co. v. Braspertro Oil Servs. Co.*, 369 F.3d 34, 71 (2d Cir. 2004) (stating that "New York courts will construe a purported liquidated damages provision strictly"); *see also Shred-It USA, Inc. v. Bartscher*, 2005 WL 2367613, *8 (E.D.N.Y. Sept. 27, 2005) (holding that a liquidated damages provision that referred to a single paragraph of a contract did not apply to other breaches of the contract); *City of Elmira v. Larry Walter, Inc.*, 76 N.Y.2d 912, 913-14, 564 N.E.2d 655 (1990).

Applying these principles, Paragraph Six of the Assignment of Claim must be strictly interpreted and may only apply to the specific breach it describes. As discussed in *City of Elmira*, courts may not enlarge the scope of liquidated damages provisions. *City of Elmira*, 76 N.Y.2d at 913. In that case, the City of Elmira contracted with Larry Walter, Inc. to construct a city parking garage. *Id.* The contract provided that the city would be entitled to liquidated

4

damages in the amount of $1,000 for each day the construction continued beyond the completion date. *Id.* Prior to completing the project, the contractor abandoned the project. The city requested liquidated damages. *Id.* The court stated that the liquidated damages provision could not apply because it contemplated a delay in the project, not the outright renunciation of the contract. *Id.*

Like the defendant in City of Elmira, FiberLight has not breached its contract with Hain in the specific way that triggers Paragraph Six of the Assignment of Claim. Even if the Court accepts all of Hain's factual allegations as true, Hain has not pled facts supporting its entitlement to damages under Paragraph Six. Consequently, FiberLight is entitled to judgment in its favor dismissing Hain's Double Damages Claim.

### II. HAIN HAS FAILED TO ALLEGE FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR FRAUD

In an apparent attempt to create additional damages flowing from the parties' mistake, Hain has asserted a claim for fraud, alleging that FiberLight intentionally misled Hain. See Second Amended Complaint, Count Two, Klepper Decl., Ex. A.

Hain's claim for fraud is duplicative of its breach of contract claim. Under New York law, "a cause of action to recover damages for fraud may not be maintained when the only fraud alleged relates to a breach of contract." *Page v. Muze, Inc.*, 705 N.Y.S.2d 383, 270 A.D.2d 401, 402 (2d Dept. 2000) (dismissing the plaintiff's fraud claim as redundant of the breach of contract claim). To state a claim for fraud when also alleging a breach of contract claim, the plaintiff must: (1) demonstrate a fraudulent misrepresentation that is collateral or extraneous to the contract; (2) demonstrate a legal duty separate from the duty to perform under the contract; or (3) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages. *Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.*, 98 F.3d 13, 20 (2d Cir.

5

1996) (vacating a judgment for fraud because the fraud claim merely appended allegations about a defendant's breach of contract). Hain has not pled facts sufficient to establish any of these elements.

### A. Hain Has Not Demonstrated A Fraudulent Misrepresentation That Is Collateral Or Extraneous To The Contract.

Hain has not alleged that FiberLight or Coyne made a fraudulent misrepresentation that is collateral or extraneous to the contract. At most, Hain has alleged that FiberLight and/or Coyne falsely stated an intention to perform under the contract or orally agreed with the contract terms. These allegations do not state a separate claim for fraud.

In the Second Amended Complaint, Hain states that "[p]rior to the execution of the Assignment of Claim," FiberLight and Coyne stated that FiberLight owns the Claim. See Second Amended Complaint, ¶¶28-29, Klepper Decl., Ex. A. Every fact Hain alleges goes to a central allegation—that Coyne and FiberLight represented their intention that FiberLight would transfer the Claim to Hain. Even if the Court assumes that these allegations are true, Hain does not state a cause of action for fraud. *See Bridgestone/Firestone*, 98 F.3d at 20. In *Bridgestone*, the court vacated a judgment for fraud where defendant represented to plaintiff that defendant intended to remit sums due under the parties' contract. *Id.* The court stated that plaintiff's allegations were insufficient to establish a claim for fraud because they were duplicative of the plaintiff's breach of contract claim. *Id.*

Like plaintiffs in *Bridgestone*, Hain has merely alleged that FiberLight and/or Coyne stated an intent to perform under the contract—namely, that FiberLight owned the Claim and could transfer title to Hain. This alleged misrepresentation regarding the intent to perform is insufficient to state a claim for fraud. *See id.; see also Iconoclast Advisers LLC v. Petro-Suisse Ltd.*, 17 Misc.3d 1001(A), 2007 WL 2756959 (N.Y.Sup. 2007) (dismissing a claim for fraudulent

6

inducement as duplicative of a breach of contract claim where the defendants represented that they intended to use the plaintiff as an investment advisor and pay it a fee for those services).

Similarly, Hain's reference to alleged misrepresentations made prior to the formation of the contract fail to establish that the statements were collateral or extraneous to the contract, because the subject of the misrepresentations is also the subject of a provision of the contract. *See Pramco III, LLC v. Partners Trust Bank*, 841 N.Y.S.2d 822, 2007 WL 1574479 (N.Y.Sup. 2007); *see also Metro. Transit Auth. v. Triumph Adver. Prods.*, 116 A.D.2d 526, 527, 497 N.Y.S.2d 673, 675 (1st Dept. 1986) (dismissing a claim for fraud stated in an amended complaint because the only allegations supporting the fraud claim constituted "a breach of the representation of performance implicit" in the contract). In *Pramco*, the plaintiff alleged that the defendant misrepresented a condition that was later reiterated in a contractual warranty. The court dismissed plaintiff's fraud claim because the only alleged misrepresentations made concerned the subject of the warranty provision:

> The representation in this case concerning the contents of the Review Files was nothing more than what was announced to be the contractual warranty itself, and accordingly cannot be extraneous to the contract and cannot support an independent fraud claim. Plaintiff's reference to the timing of the Terms of Sale Memorandum as antedating formation of the contract is unavailing ... Taking plaintiff's argument to its logical extreme, a plaintiff may make out a distinct fraudulent inducement claim in any case in which a defendant presents it with a form contract containing promises or warranties the defendant knows to be false, on the mere theory that presenting the form contract with its representations is an extraneous act which induced plaintiff to sign the contract. That is not our law ... this is a breach of contract action, not a fraud claim.

*Id.* at *3 (internal citations omitted). Just as in *Pramco*, the only alleged misrepresentations in this matter concern the substance of the representations and warranties embodied in the parties' contract – the Assignment of Claim. Under New York law, Hain has not pled facts supporting a claim for fraud.

7

### B. Hain Has Not Demonstrated A Legal Duty Separate From The Duty To Perform Under The Contract.

Hain also fails to demonstrate that FiberLight owed a legal duty to Hain separate from the duty to perform under the contract. Indeed, nowhere in Count Two has Hain used the word "duty" or described any relationship between Hain and FiberLight or Hain and Coyne that would give rise to such a duty. Hain was not even the party with which FiberLight negotiated the terms of the Assignment of Claim. Second Amended Complaint, ¶ 12, Klepper Decl., Ex. A. Accordingly, Hain fails to satisfy this requirement.

### C. Hain Has Not Alleged That It Is Entitled To Special Damages That Are Unrecoverable As Contract Damages.

Perhaps most importantly, Hain has not alleged that FiberLight and/or Coyne's alleged fraud has caused it special damages that are unrecoverable as contract damages. Hain has merely alleged that it "has been damaged." Second Amended Complaint, ¶ 37, Klepper Decl., Ex. A. This statement is insufficient to survive a Rule 12(c) motion. *See Ginsburg*, 2007 WL 2981683, at *17 (stating that "general, conclusory allegations need not be credited" on a motion for judgment on the pleadings). The substance of Hain's fraud claim is that FiberLight and/or Coyne represented that FiberLight owned the Claim when in fact FiberLight did not own the Claim. To the extent that Hain incurred any damage as a result of this alleged misrepresentation, Hain's remedy is under its breach of contract claim.

### III. HAIN HAS FAILED TO PLEAD FACTS SUFFICIENT TO SUPPORT ITS CLAIM FOR NEGLIGENT MISREPRESENTATION.

Like its claim for fraud, Count Three of the Second Amended Complaint for negligent misrepresentation fails to state any claim other than breach of contract. Under New York law, a claim for negligent misrepresentation depends on the existence of a special relationship between

8

the parties. *See, e.g., Onanuga v. Pfizer*, 2003 WL 22670842 (S.D.N.Y. Nov. 7, 2003) (holding that claim for negligent misrepresentation did not survive motion to dismiss). "New York courts do not recognize a cause of action for negligent misrepresentation in the absence of a special relationship of trust or confidence between the parties." *Id.* at *3.

Hain has not pled facts demonstrating a "special relationship of trust or confidence" between Hain and the Defendants. Hain states that "[a]s a result of the relationship between the parties, defendants had a duty to give correct information to plaintiff regarding ownership of the Claim." Second Amended Complaint, ¶39, Klepper Decl., Ex. A. Nowhere, however, in the Second Amended Complaint does Hain describe any relationship between the parties other than the relationship governed by the Assignment of Claim. Again, Hain has pled nothing more than a general, conclusory allegation that is insufficient to survive this Rule 12(c) motion.

As with Hain's fraud claim, Hain does not and cannot plead its entitlement to special damages that are unrecoverable as contract damages. The substance of Hain's negligent misrepresentation claim is that FiberLight and/or Coyne represented that FiberLight owned the Claim when in fact FiberLight did not own the Claim. To the extent that Hain incurred any damage as a result of this alleged misrepresentation, Hain's remedy is under its breach of contract claim. Accordingly, Count Three fails.

9

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court enter a partial judgment on the pleadings against Plaintiff, Hain Capital Holdings, Ltd., and in favor of Defendants, FiberLight, LLC, and Kevin B. Coyne, as to Hain's damage claim asserted in paragraphs 25 and 26 of its Second Amended Complaint and as to Counts Two and Three of its Second Amended Complaint.

DATED:  New York, New York
         July 14, 2008

Respectfully submitted,

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation
Attorneys for Defendants, FiberLight, LLC,
and Kevin B. Coyne

By: /s/ SK

Steven L. Klepper (SK 1012)
Cole, Schotz, Meisel,
Forman & Leonard, P.A.
A Professional Corporation
900 Third Avenue, 16th floor
New York, NY 10022-4728
(212) 752-8000
(212) 752-8393 (fax)

10