UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

———————————————————X
       :
HAIN CAPITAL HOLDINGS LTD.      :
       :
     Plaintiff,      :
       :  Civil Action No. 08 CV 3156 (BSJ)
  - against -      :
       :
FIBERLIGHT, LLC and KEVIN B. COYNE,  :
       :
     Defendants.      :
       :
       :
       :
———————————————————X

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' RULE 12(c) MOTION**

Lawrence C. Hersh
Attorney at Law
17 Sylvan Street, Suite 105
Rutherford, NJ  07070
(201) 507-6300

*Attorney for Plaintiff*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... i

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................. 1

ARGUMENT ...................................................................................................................... 2

    I.     DEFENDANTS ARE NOT ENTITLED TO JUDGMENT ON THE PLEADINGS BASED UPON PLAINTIFF'S ALLEGATIONS IN PARAGRAPHS 25 AND 26 OF THE COMPLAIN...……………………2

    II.    PLAINTIFF HAS ALLEGED FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR FRAUD ....................................................... 5

        A.   Plaintiff has Alleged a Fraud Cause of Action based upon Misrepresentations of Presently Existing Fact .................................... 6

        B.  Even under Bridgestone/Firestone, Plaintiff has stated a Cause of Action for Fraud....................................................................... 8

        C.  Plaintiff has Additionally Stated a Cause of Action for Fraud based upon Omissions by Defendants .................................................. 8

    III.   PLAINTIFF HAS PLEAD FACTS SUFFICIENT TO SUPPORT ITS CLAIM FOR NEGLIGENT MISREPRESENTATION ..................... 9

CONCLUSION ................................................................................................ 11

**TABLE OF AUTHORITIES**

**CASES**

B.F. Goodrich v. Betkoski, 99 F.3d 505 (2d. Cir. 1999, clarified, 112 F.3d 88 (2d Cir. 1997). .................................................................................................................... 2

Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc., 98 F.3d 13, 20 (2d Cir. 1996) ............................................................................................................... 5, 7

Burns Int'l Security Servs., Inc. v. International Union, United Plant Guard Workers of America, 47 F.3d 14, (2d Cir. 1995)............................................................................. 2

Cannon v. Douglas Elliman, LLC, 2007 WL 4358456, *11 (S.D.N.Y.) .......................... 10

Clifton v. Vista Computer Servs., LLC, 2002 WL 1585550, *5 (S.D.N.Y. 2002) ............ 9

Dimon, Inc. v. Folisum, Inc. 48 F.Supp.2d 359, 373-4 (S.D.N.Y. 1999) ........................ 10

First Bank of the Americas v. Motor Car Funding, Inc., 257 A.D.2d 287, 291-2, 690 N.Y.S.2d 17, 21 (1st Dept. 1999) ................................................................................. 8

Frontier-Kemper Constructors, Inc. v. American rock Salt Company 224 F.Supp.2d 520, 528 (W.D.N.Y. 2002) ........................................................................................ 5, 7, 8

Oneida Indian Nation of New York v City of Sherrill, 337 F.3d 139 (2d Cir. 2003) ........ 2

Papa's-June Music, Inc. v. McLean, 921 F.Supp. 1154 (S.D.N.Y. 1996)........................... 5

Pfizer, Inc. v. Stryker Corporation 2003 WL 21660339 (S.D.N.Y.) ............................ 5, 7

Smith v. City of Salem, 378 F.3d 566 (6th Cir. 2004)........................................................ 4

## **PRELIMINARY STATEMENT**

Concurrently with Defendants' filing of its Answer to Plaintiff's Second Amended Complaint (hereinafter "the Complaint"), Defendants have filed the present partial motion to dismiss based under Rule 12(c) with respect to paragraphs 25 and 26 of Count 1, and Counts 2 and 3 of the Complaint. For the foregoing reasons, Plaintiff requests that Defendants' motion be denied in its entirety.[1]

## **STATEMENT OF FACTS**

The facts in this case are relatively straight forward: Defendant FiberLight, LLC ("FiberLight) and its Chief Operating Officer Kevin Coyne (collectively "Defendants") represented that they were the owners of a particular proof of claim (the "Claim") filed in May 2002 in the 360 Networks (USA) Inc. bankruptcy case in the U.S. Bankruptcy Court for the Southern District of New York. Based upon these representations, on January 15, 2008, Hain Capital Holdings, LLC entered into a contract to purchase the Claim from FiberLight for the amount of $187,420 and executed a contract entitled "Assignment of Claim", a copy of which is attached to the Complaint. As part of the terms of the Assignment of Claim, FiberLight explicitly represented and warranted that it was the sole owner of the Claim. Pursuant to the terms of the Assignment of Claim, FiberLight was paid $187,420. Shortly thereafter, Hain Capital Holdings, LLC assigned its interest in the Claim to Plaintiff. Subsequently, Plaintiff was informed that FiberLight was not the owner of the Claim, and thus had no authority or ability to sell it. Consequently, Plaintiff filed the present action.

---

[1] Originally, Defendants attempted to file their motion on July 14, 2008. However, on July 15, ECF sent an email notice indicating that there was a filing error and that the motion had to be refiled. Defendants refiled the motion on on July 15. Accordingly, the parties have agreed that the time period for the filing of Plaintiff's Opposition papers would be based upon the July 15 filing date.

# **ARGUMENT**

In the present motion, Defendants move under rule 12(c) for partial judgment on the pleadings. Specifically, Defendant ask that they be granted judgment in their favor based upon paragraphs 25 and 26 of Count 1, relating to liquidated damages. Additionally, Defendants request judgment on Count 2 with respect to fraud and Count 3 with respect to negligent misrepresentation. Based upon the following, Defendants' motion must be denied in its entirety.

**I.   DEFENDANTS ARE NOT ENTITLED TO JUDGMENT ON THE PLEADINGS BASED UPON PLAINTIFF'S ALLEGATIONS IN PARAGRAPHS 25 AND 26 OF THE COMPLAINT**

Defendants argue that as a matter of law that Plaintiff is not entitled to liquidated damages under the terms of the Assignment of Claim. (Def. Mem. of Law at pp. 3-5). Defendants' argument is without merit.

A rule 12(c) judgment will only be granted if the pleadings demonstrate that the moving party is entitled to judgment as a matter of law. Burns Int'l Security Servs., Inc. v. International Union, United Plant Guard Workers of America, 47 F.3d 14, 16 (2d Cir. 1995). If, however, there is a material issue of fact which remains in dispute, the court must deny the Rule 12(c) motion. B.F. Goodrich v. Betkoski, 99 F.3d 505, 530 (2d. Cir. 1999, clarified, 112 F.3d 88 (2d Cir. 1997). Judgment on the pleadings is only warranted where it appears beyond doubt that the plaintiff will be unable to prove any facts to support the alleged claims for relief. Oneida Indian Nation of New York v City of Sherrill, 337 F.3d 139, 152 (2d Cir. 2003).

Count 1 of the Complaint is based upon a cause of action for breach of contract. In their motion, Defendants seek relief under rule 12(c), arguing that Plaintiff is not

entitled to liquidated damages under the terms of the Assignment of Claim. However, Defendants are not seeking judgment on the pleadings as to the entire breach of contract claim. In fact, nowhere in their moving papers do defendants even contend that Plaintiff has failed to allege a cause of action for breach of contract. Instead, Defendants only contest the <u>amount</u> of damages alleged in the complaint, arguing that plaintiff is not entitled to liquidated damages under the terms of the Assignment of Claim under the allegations set forth in paragraphs 25 and 26 of the Complaint. However, Defendants claim is without merit.

First, only paragraph 25 makes mention of liquidated damages. Paragraph 26 makes no mention of liquidated damages, but simply alleges damages in the amount of $374,842. In fact, Paragraph 1 of the Demand for Relief which corresponds to Count 1 and is found on page 9 of the Complaint states this same amount, but does not limit the demand for damages to liquidated damages, but also states that the amount of damages sought include consequential and incidental damages, costs, prejudgment interest and reasonable attorney's fees. (See, Klepper Decl., Ex. A, at p. 9). As such, without even looking at the terms of the Assignment of Claim, it can be determined that defendants are not entitled to judgment with respect to paragraph 26 of the Complaint since paragraph 26 makes no mention of liquidated damages.

Second, Defendants' argument must similarly fail as to both paragraphs 25 and 26 based upon the actual language of the Assignment of Claim. Paragraph 6 of the Assignment of Claim provides:

> IN THE EVENT ASSIGNOR HAS PREVIOUSLY ASSIGNED OR PLEDGED, OR ASSIGNS OR PLEDGES, ANY PORTION OF THE CLAIM TO ANY PARTY OTHER THAN ASSIGNEE, ASSIGNOR AGREES TO IMMEDIATELY PAY ASSIGNEE UPON DEMAND OF ASSIGNEE, LIQUIDATED DAMAGES IN AN AMOUNT EQUAL TO DOUBLE THE

3

>AMOUNT PAID TO ASSIGNOR HEREIN WITH RESPECT TO SUCH PORTION OF THE CLAIM

(See, Klepper Decl., Ex. A, Assignment of Claim, § 6). Thus, according to Defendants' argument, whether or not this liquidated damages provision of the Assignment of Claim is applicable depends on whether or not FiberLight transferred the claim in violation of paragraph 6 of the Assignment of Claim.

Contrary to Defendants' assertions, the allegations of the Complaint clearly allege facts to support the applicability of the liquidated damages provision of the Assignment of Claim. First, the Complaint alleges that Defendants represented in the Assignment of Claim that they were the owners of the claim. (See, Klepper Decl., Ex. A, § 19). Additionally, the Complaint alleges that after Assignment of Claim was executed and FiberLight was paid, Plaintiff was informed that FiberLight was not the owner of the Claim and that the owner of the Claim was the estate of ACSI. (See, Klepper Decl., Ex. A, §§ 22, 23). When these allegations are read together, a reasonable inference is that FiberLight transferred the Claim in violation of paragraph 6 of the Assignment of Claim prior to selling it to Plaintiff. See, Smith v. City of Salem, 378 F.3d 566 (6th Cir. 2004) (The pleader's choice of pleaded theories is not necessarily dispositive; the court will inquire whether relief for the pleader is possible under any set of facts that might be established consistent with the allegations). Thus, there are allegations in the Complaint sufficient to support Plaintiff's claim for liquidated damages as alleged in paragraph 25.

For the foregoing reasons, Defendants are not entitled to judgment as a matter of law with respect to paragraphs 25 and 26 of Count 1 of the Complaint.

## II.     **PLAINTIFF HAS ALLEGED FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR FRAUD**

Defendants seek dismissal of the Fraud claim alleged in Count 2 of the Complaint alleging that the fraud claim is duplicative of the Count 1 contract claim. (Def. Mem. of Law at pp 5-8). However, Defendants' argument is without merit.

Fraudulent misrepresentations can consist of either promises to do something in the future or misstatements of present fact. Frontier-Kemper Constructors, Inc. v. American rock Salt Company 224 F.Supp.2d 520, 528 (W.D.N.Y. 2002). The law with respect to whether a fraud claim is duplicative of a breach of contract claim is dramatically different depending whether or not the fraud claim is based upon a promise to perform in the future or misstatement of present fact. Where the fraud claim is based upon a breach of a promise to perform, the Courts have required that there must be 1) a legal duty separate and apart from the contractual duty to perform, 2) a fraudulent representation collateral or extraneous to the contract or 3) special damages proximately caused by the fraud that are not recoverable under a contract measure of damages. See, Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc., 98 F.3d 13, 20 (2d Cir. 1996); Papa's-June Music, Inc. v. McLean, 921 F.Supp. 1154, 1160 (S.D.N.Y. 1996). However, where the fraud claim is based upon a breach of an existing fact, [t]his is a horse of an entirely different color." Pfizer, Inc. v. Stryker Corporation 2003 WL 21660339, *1 (S.D.N.Y.). Where a party warrants and represents a present existing fact, the aggrieved party is entitled to a remedy in contract for breach of warranty and a remedy in tort for deliberate, fraudulent misrepresentation without the need to make any additional showing. Ibid.

### A. Plaintiff has Alleged a Fraud Cause of Action based upon Misrepresentations of Presently Existing Fact

The facts of the present case clearly indicate that Plaintiff is entitled to and has alleged a cause of action for fraud separate and apart from its breach of contract claim since the fraud claim is based upon misrepresentation of presently existing facts. Specifically, the Complaint alleges that prior to the execution of the Assignment of Claim, FiberLight misrepresented that it was the owner of the Claim. (See, Klepper Decl., Ex. A, §§ 28, 35). The Complaint also alleges that under the terms of the written Assignment of Claim, FiberLight expressly misrepresented that FiberLight was the owner of the Claim. (See, Klepper Decl., Ex. A, §§ 30, 35). Furthermore, the Complaint alleges that FiberLight, through its attorney, misrepresented that documentation regarding the ownership of the Claim was confidential and could not be provided. (See, Klepper Decl., Ex. A, §34). All of these misrepresentations were with respect to **presently existing facts** at the time the Assignment of Claim was entered into, and thus are sufficient to support a fraud claim separate and apart from the breach of contract claim.

Pfizer is a perfect example of a case where a District Court has upheld a fraud claim that was based upon presently existing facts. In Pfizer, in addition to a counterclaim for breach of contract, defendant Stryker asserted a counterclaim that Pfizer made fraudulent misrepresentations of existing fact. In response, Pfizer moved to dismiss counts of the counterclaim, including the fraud claim, which it alleged was based on substantially the same conduct at issue in the contract claims. The District Court rejected Pfizer's argument that the fraud claim and the breach of contract claim were redundant and correctly distinguished between fraud claims based on an alleged intention not to perform or a deliberate breach in contract and the ones where the alleged fraud

6

claim is based upon a misrepresentation of existing facts. The Court concluded that: "Where, as here, a party warrants and represents a present existing fact, there simply is no reason why it should not have a remedy in contract for breach of the warranty and a remedy in tort for deliberate, fraudulent misrepresentation, assuming the facts otherwise justify such relief." Pfizer, Inc. v. Stryker Corporation 2003 WL 21660339, *1 (S.D.N.Y.). The Court distinguished, Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc., 98 F.3d 13, 20 (2d Cir. 1996), which Defendants heavily rely on in their moving papers, since Bridgestone/Firestone dealt only with a claim of misrepresentation of an intention to perform and therefore does not bear on the question of where there is a misrepresentation of presently existing fact. Pfizer at *1. See also, Frontier-Kemper Constructors, Inc. v. American rock Salt Company, supra, 224 F.Supp.2d at 529 ("Courts generally hold that misstatements of present fact which induce a contract are actionable as fraud.").

     In their moving papers, Defendants mistakenly argue that Plaintiff's cause of action for fraud is based upon the fact that Defendants misrepresented their intention that FiberLight transfer the claim to Hain. As such, Defendants have attempted to couch Plaintiff's fraud claim in terms of a performance issue in order to force the application of the Bridgestone/Firestone analysis. However, in doing so, Defendants blatantly ignore the simple reading of the allegations of the Complaint which make clear that the fraud claim is not based upon intention to perform, but rather upon misrepresentation of presently existing facts as to ownership of the claim and confidential information. As such, Defendants' analysis under Bridgstone/Firestone in not only unnecessary, but inapplicable. See, Frontier-Kemper Constructors, Inc. v. American rock Salt Company, supra, 224 F.Supp.2d at 529.

7

      B.  <u>Even under Bridgestone/Firestone, Plaintiff has stated a Cause of Action for Fraud</u>

Even if the <u>Bridgestone/Firestone</u> analysis is applied to the facts of the present case, Plaintiff has still alleged a cause of action for fraud that is not duplicative of the breach of contract claim.

Courts in New York have concluded that misstatements of fact which fraudulently induce a contract are actionable under either or both the first prong and second prongs of <u>Bridgestone/Firestone</u> relating to misrepresentations that are collateral or extraneous to the contract and the demonstration of a legal duty separate from the duty to perform under the contract. <u>First Bank of the Americas v. Motor Car Funding, Inc.</u>, 257 A.D.2d 287, 291-2, 690 N.Y.S.2d 17, 21 (1st Dept. 1999); <u>Frontier-Kemper Constructors, Inc. v. American rock Salt Company</u>, <u>supra</u>, 224 F.Supp.2d at 529.

Since in the present case, as discussed above, Plaintiff has alleged misstatements of presently existing fact as part of their fraud claim, Plaintiff has necessarily satisfied either or both of the first two prongs of the <u>Bridgestone/Firestone</u> test. Therefore, Plaintiff's fraud claim is not duplicative of its breach of contract claim.

      C.  <u>Plaintiff has Additionally Stated a Cause of Action for Fraud based upon Omissions by Defendants</u>

A plaintiff may pursue a claim for fraud separate and apart from a contact claim, if the defendant failed to disclose information when it had a duty to disclose, which would also constitute the breach of another legal duty separate and apart from the duty to perform under the contract. <u>Frontier-Kemper Constructors, Inc. v. American rock Salt Company</u>, <u>supra,</u> 224 F.Supp.2d at 529. Under New York law, omissions of material fact

may rise to a level constituting fraud and serve as a basis for an action for money damages.  Ibid.

In the present case, Plaintiff alleged fraud based upon Defendants failure to inform Hain Capital Holdigns, LLC during conversations that FiberLight was not the owner of the Claim.  (See, Klepper Decl., Ex. A, § 33).  Furthermore, Plaintiff alleged that defendants had a duty to give correct information to Plaintiff regarding ownership of the Claim.  (See, Klepper Decl., Ex. A, § 39).  As such, Plaintiff properly alleged a claim for fraud based upon defendant's omission which is separate and apart from the duty to perform under the contract.

As such, Plaintiff has properly set forth a fraud claim separate from the contract claim, based upon Defendants' omissions.

### III.  PLAINTIFF HAS PLEAD FACTS SUFFICIENT TO SUPPORT ITS CLAIM FOR NEGLIGENT MISREPRESENTATION

Defendants argue that that in Count Three of the Complaint Plaintiff has failed to state a cause of action for negligent misrepresentation.  (Defendants' brief at pp. 8-9).  Defendants' contention is incorrect for two reasons.

First, Defendants incorrectly argue that a special relationship must exist in order to state a claim for negligent misrepresentation.  However, a special relationship must exist only in situations in which the alleged misrepresentation is a promise and not a statement of fact.  See, Clifton v. Vista Computer Servs., LLC, 2002 WL 1585550, *5 (S.D.N.Y. 2002).  In the present case, Plaintiff's claim for negligent misrepresentation is based not upon a promise, but rather than a misrepresentation of fact, namely, ownership of the Claim.  (See, Klepper Decl., Ex. A, §§ 33, 40).  As such, Plaintiff was not required to plead a special relationship in order to plead a claim for negligent misrepresentation.

9

Second, even if a special relationship must be plead, Plaintiff has satisfied this requirement. A special relationship has been held to exist where there is: (1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2); reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance. Cannon v. Douglas Elliman, LLC, 2007 WL 4358456, *11 (S.D.N.Y.).

Under this definition, Plaintiff has sufficiently pled that a special relationship exists. First, the Complaint alleges facts to indicate that Defendants were aware that Plaintiff was using Defendants' representations as to ownership for purposes of entering into the Assignment of Claim. (See, Klepper Decl., Ex. A, §§ 15, 19, 38-43)  Second, the Complaint alleges that Hain relied upon the statement in furtherance of that purpose. (See, Klepper Decl., Ex. A, §§ 15, 35, 38-43).  Third, the Complaint alleged some conduct by the Defendants linking them to Plaintiff and evincing its understanding of reliance. (See, Klepper Decl., Ex. A, §§ 15, 35, 38-42).  As such, Plaintiff has established that a special relationship existed.

Furthermore, a special relationship has been found to exist between a buyer and seller in corporate acquisitions involving lengthy negotiations. See, Dimon, Inc. v. Folisum, Inc. 48 F.Supp.2d 359, 373-4 (S.D.N.Y. 1999).  In the present case, negotiations relating to the present claim began in October 2007 and were completed January 2008, three months later. (See, Klepper Decl., Ex. A, §§ 11, 18).  As such, this is an additional basis to conclude that Plaintiff pled that a special relationship existed

For these reasons, Plaintiff has sufficiently pled a cause of action for negligent misrepresentation.

10

## **CONCLUSION**

For the foregoing reasons, Defendants' motion under rule 12(c) must be denied in its entirety. In the event that the Court grants any part of the motion, Plaintiff respectfully requests leave to amend its Complaint.

Dated: July 29, 2008

By: /s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 105
    Rutherford, NJ  07070
    (201) 507-6300