UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **HAIN CAPITAL HOLDINGS, LTD.,** | : | Case No. 08 CV 3156 (BSJ)(AJP) |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| - against - | : | |
| | : | |
| **FIBERLIGHT, LLC,** and **KEVIN B. COYNE,** | : | |
| | : | |
| | : | |
| Defendants. | : | |

## REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION
## TO DEFENDANTS' RULE 12(c) MOTION

        Steven L. Klepper (SK 1012)
        Cole, Schotz, Meisel, Forman & Leonard, P.A.
        A Professional Corporation
        900 Third Avenue
        16th Floor
        New York, NY   10022-4728
        212.752.8000
        212.752.8393 (fax)

        and

        W. Timothy Miller (admitted *pro hac vice*)
        Paige Leigh Ellerman (admitted *pro hac vice*)
        Taft Stettinius & Hollister LLP
        425 Walnut Street, Suite 1800
        Cincinnati, Ohio  45202
        Telephone:  (513) 381-2838
        Facsimile:  (513) 381-0205
        Email: miller@taftlaw.com
                ellerman@taftlaw.com
        Attorneys for Defendants, FiberLight, LLC, and Kevin B. Coyne

August 4, 2008

## **TABLE OF CONTENTS**

Preliminary Statement ........................................................................................................1

Argument ............................................................................................................................1

    I.      Hain is not entitled to damages in the amount of two times the contract price ...........................................................................................................1

    II.     Hain has failed to allege facts sufficient to establish a claim for fraud ...................3

    III.    Hain has failed to plead facts sufficient to support its claim for negligent misrepresentation ........................................................................................4

Conclusion ..........................................................................................................................5

# **TABLE OF AUTHORITIES**

**Cases**

*Bridgestone/Firestone v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996)..................3

*City of Elmira v. Larry Walter, Inc.*, 76 N.Y.2d 912, 564 N.E.2d 655 (1990)..............................2

*Clifton v. Vista Computer Servs., LLC*, 2002 WL 1585550 (S.D.N.Y. July 16, 2002)...............4, 5

*Ginsburg v. Gov't Props. Trust, Inc.*, 2007 WL 2981683 (S.D.N.Y. October 11, 2007)............1, 4

*Johnson v. Microsoft Corp.*, 2007 WL 2404844 (W.D. Wash. Aug. 17, 2007).........................1, 2

*Metro. Transit Auth. v. Transit Auth. v. Triumph Adver. Prods.*, 116 A.D.2d 526, 427 N.Y.S.2d 673 (1st Dept. 1986).......................................................................................................4

*Pfizer, Inc. v. Stryker Corp.*, 2003 WL 21660339 (S.D.N.Y. July 15, 2003)................................3

*Pramco III, LLC v. Partners Trust Bank*, 841 N.Y.S.2d 822, 2007 WL 1574479 (N.Y.Sup. 2007)..............................................................................................................................4

*Shred-It USA, Inc. v. Bartscher*, 2005 WL 2367613 (E.D.N.Y. Sept. 27, 2005)...........................2

*U.S. Fidelity and Guar. Co. v. Braspertro Oil Servs. Co.*, 369 F.3d 34 (2d Cir. 2004)..................2

**PRELIMINARY STATEMENT**

Plaintiff's Opposition to Defendants' Rule 12(c) Motion (the "Response") ignores applicable cases, undisputed facts, and the plain language of the pleadings and the Assignment of Claim. Plaintiff's attempt to create an issue of fact for determination by stretching the allegations of its Second Amended Complaint[1] fails, and Defendants' Motion for Partial Judgment on the Pleadings should be granted in its entirety.

**ARGUMENT**

Hain has attempted to overcome the well-established legal precedents presented in Defendants' Motion by stating that it has pleaded all of the elements of its claims. However, in order to defeat a motion for judgment on the pleadings, the plaintiff must do more than make blanket assertions that are unsupported by facts. *See Ginsburg v. Gov't Props. Trust, Inc.*, 2007 WL 2981683, at *17 (S.D.N.Y. October 11, 2007) (explaining that "a formulaic recitation of the elements of a cause of action will not do" and that "general, conclusory allegations need not be credited"). The Response, like the Second Amended Complaint, contains nothing more than general, conclusory allegations that are insufficient to withstand Defendants' Motion.

**I.    HAIN IS NOT ENTITLED TO DAMAGES IN THE AMOUNT OF TWO TIMES THE CONTRACT PRICE**

In the Response, Hain makes much of the fact that Defendants do not seek dismissal of the entire breach of contract claim. *See* Response, p.3. To the extent that Hain argues that this Court may not dismiss a portion of a claim, Hain is misguided. *See Johnson v. Microsoft Corp.*,

---

[1] FiberLight opposes Hain's request for leave to amend its complaint. *See* Response, p. 11. The request has not been made in a procedurally-appropriate manner. Moreover, Hain has filed a Complaint, an Amended Complaint, and a Second Amended Complaint and should not receive a fourth bite at the apple. Moreover, the parties have already commenced discovery on an expedited schedule, and allowing Plaintiff to file an additional amended complaint would substantially prejudice the Defendants.

2007 WL 2404844, *1 (W.D. Wash. Aug. 17, 2007) (noting that a court may properly dismiss claims for liquidated damages on a Rule 12(c) motion). Moreover, Hain's argument that it is entitled to other damages for breach of contract has no bearing on the applicability of the liquidated damages provision in the Assignment of Claim. Defendants have properly moved the Court to dismiss Hain's claim for liquidated damages, notwithstanding that Hain also seeks breach of contract damages.

Hain's argument that the "allegations of the Complaint clearly allege facts to support the applicability of the liquidated damages provision" is similarly misguided. *See* Response, p. 4. Hain has essentially asked this Court to ignore those averments in the Complaint that preclude application of the liquidated damages clause in the Assignment of Claim. In so doing, Hain entirely ignores the well-settled proposition that liquidated damages clauses must be narrowly interpreted. *U.S. Fidelity and Guar. Co. v. Braspertro Oil Servs. Co.*, 369 F.3d 34, 71 (2d Cir. 2004); *Shred-It USA, Inc. v. Bartscher*, 2005 WL 2367613, *8 (E.D.N.Y. Sept. 27, 2005); *City of Elmira v. Larry Walter, Inc.*, 76 N.Y.2d 912, 913-14, 564 N.E.2d 655 (1990).

Viewing the pleadings and the language of the Assignment of Claim together, one inescapably concludes that Paragraph Six of the Assignment of Claim does not apply to the facts Hain alleged. Paragraph Six would only be triggered in the event that FiberLight actually owned the Claim and then transferred it prior or subsequent to executing the Assignment of Claim. Hain has pleaded that FiberLight never owned the Claim and was incapable of transferring the Claim to Hain. Hain, therefore, has pleaded facts that, if true, would preclude application of the liquidated damages clause in Paragraph Six. Consequently, the Court should dismiss Hain's claim for liquidated damages stated in paragraphs 25 and 26 of the Complaint.

## II. HAIN HAS FAILED TO ALLEGE FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR FRAUD

Persistent in its effort to stretch the allegations of the Complaint into cognizable causes of action against Defendants, Hain attempts to characterize its fraud allegations against Defendants as relating to a "misrepresentation of presently existing fact." *See* Response, p. 6. Relying on *Pfizer, Inc. v. Stryker Corporation*, a products liability case, Hain attempts to assert that it is entitled to a remedy in tort for a deliberate, fraudulent misrepresentation. *See Pfizer Inc. v. Stryker Corp.*, 2003 WL 21660339 (S.D.N.Y. July 15, 2003).

The facts of the Complaint, as Hain has alleged them, are more analogous to *Bridgestone/Firestone* than *Pfizer* because every fact Hain alleges goes to a central allegation – that Coyne and FiberLight represented an intention to perform under the Assignment of Claim when FiberLight, in fact, could not. *See Bridgestone/Firestone v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996). Even if the Court assumes that these allegations are true, Hain does not state a cause of action for fraud. *See Bridgestone/Firestone*, 98 F.3d at 20.

Hain's own interpretation of its allegations in the Response defeats its claim of entitlement for fraud damages. Hain attempts to characterize a conversation between Chad Pifer, FiberLight's Vice President Legal & Regulatory, and Andrew Jones, Hain Capital Group, LLC's attorney, as containing a misrepresentation that gives rise to a fraud claim. *See* Response, p. 3. In that discussion, according to Hain's allegations, Jones requested "supporting documents regarding ownership of the Claim by FiberLight," which Pifer refused to provide "stating that it was confidential." *Id.* However, Hain's description of this conversation defeats any allegation of reliance on Pifer's statement that the documents were confidential:

> Jones informed Pifer that Hain Capital Holdings, LLC would rely on a representation and warranty by FiberLight that FiberLight owned, and would transfer to Hain Capital Holdings, LLC, good and sole legal and beneficial ownership to the Claim. Additionally,

> as a result of the conversation, paragraph 4(f) of the Assignment of Claim was specifically amended to include a representation that FiberLight "is the successor-in-interest to and sole owner of ACSI Network Technologies, Inc."

Second Amended Complaint, ¶ 15. By its own admission, Hain intended to rely not on any discussions with the Defendants, but on the contractual warranty provision. *Id.* Consequently, Hain has not alleged any misrepresentations that were collateral and extraneous to the contract. *See Pramco III, LLC v. Partners Trust Bank*, 841 N.Y.S.2d 822, 2007 WL 1574479, *3 (N.Y.Sup. 2007); *see also Metro. Transit Auth. v. Triumph Adver. Prods.*, 116 A.D.2d 526, 527, 497 N.Y.S.2d 673, 675 (1st Dept. 1986). Rather, Hain expressly drafted the contract to embrace the issue it now contends constitutes a separate tort.

Hain's assertion that it has pleaded facts supporting the allegation that FiberLight owed it a duty is similarly unavailing. *See* Response, p. 9. Hain has done nothing more than baldly assert that "[a]s a result of the relationship between the parties, defendants had a duty to give correct information to plaintiff regarding ownership of the Claim." *See* Second Amended Complaint, ¶ 39. This unsupported assertion is insufficient to survive Defendants' Motion. *See Ginsburg v. Gov't Props. Trust, Inc.*, 2007 WL 2981683, at *17 (S.D.N.Y. October 11, 2007).

Because Hain has not pleaded facts sufficient to support its claim for fraud, Defendants are entitled to judgment on the pleadings on Count Two of the Second Amended Complaint.

### III. HAIN HAS FAILED TO PLEAD FACTS SUFFICIENT TO SUPPORT ITS CLAIM FOR NEGLIGENT MISREPRESENTATION

Hain's negligent misrepresentation allegations, like its fraud allegations, are wholly insufficient to support its claim for relief. Hain, relying on *Clifton v. Vista Computer Servs., LLC*—a case in which the court dismissed the plaintiff's (a) fraud claim because the plaintiff did not establish any fraud collateral to the parties' contract, and (b) negligent misrepresentation claim because the plaintiff failed to establish the existence of a fiduciary relationship between the

parties—argues that it is not required to establish the existence of a special relationship in order to support its claim for negligent misrepresentation. *See Clifton v. Vista Computer Servs., LLC*, 2002 WL 1585550, *4-*5 (S.D.N.Y. July 16, 2002). Again, Hain is wrong.

Like the claim for fraud, Count Three of the Second Amended Complaint for negligent misrepresentation fails to state any claim other than breach of contract. Even if *Clifton* somehow stands for the proposition that a special relationship is not required for misrepresentations of fact (as opposed to promissory statements) – a point which is arguable at best -- as discussed in Section II. above, Hain has failed to allege any present misrepresentation of fact. Consequently, a special relationship is required. *See Clifton*, 2002 WL 1585550 at *5 (on a Rule 12(b)(6) motion, dismissing the claim for negligent misrepresentation because no duty existed). Hain has made nothing more than bare, conclusory allegations that a relationship exists -- a fact that is obvious from Hain's citations to its Complaint, the bulk of which relate to the breach of contract claim.

Moreover, Hain's Response does not even address Defendants' argument that Hain has not pleaded its entitlement to damages that are unrecoverable as contract damages, highlighting the fact that Hain is simply seeking multiple recoveries for a single alleged harm. Because Hain has failed to allege facts sufficient to support its entitlement to damages for negligent misrepresentation, Defendants are entitled to judgment on the pleadings on Count Three.

## CONCLUSION

Defendants respectfully request that the Court enter a partial judgment on the pleadings against Plaintiff, Hain Capital Holdings, Ltd., and in favor of Defendants, FiberLight, LLC and Kevin B. Coyne, as to Hain's liquidated damages claim asserted in paragraphs 25 and 26 of its

Second Amended Complaint and as to Counts Two and Three of its Second Amended Complaint.

        Respectfully submitted,

        *s/ Steven L. Klepper*
        Steven L. Klepper (SK 1012)
        Cole, Schotz, Meisel, Forman & Leonard, P.A.
        A Professional Corporation
        900 Third Avenue
        16th Floor
        New York, NY   10022-4728
        212.752.8000
        212.752.8393 (fax)

        and

        W. Timothy Miller (admitted *pro hac vice*)
        Paige Leigh Ellerman (admitted *pro hac vice*)
        Taft Stettinius & Hollister LLP
        425 Walnut Street, Suite 1800
        Cincinnati, Ohio  45202
        Telephone:  (513) 381-2838
        Facsimile:  (513) 381-0205
        Email: miller@taftlaw.com
        ellerman@taftlaw.com
        Attorneys for Defendants, FiberLight, LLC, and Kevin B. Coyne